[Cite as *State ex rel. Ware v. Davis*, 2025-Ohio-233.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. KIMANI WARE, | CASE NO. 2024-T-0102 |
| Relator, | Original Action for Mandamus |
| - vs - | |
| ANTHONY DAVIS, WARDEN, | |
| Respondent. | |

### P E R   C U R I A M
### O P I N I O N

Decided: January 27, 2025
Judgment: Complaint dismissed

*Kimani E. Ware*, PID# A470-743, Richland Correctional Institution, 1001 Olivesburg Road, Mansfield, OH 44905 (Relator).

*Dave Yost*, Ohio Attorney General, and *Andrew T. Gatti* and *Adam Beckler*, Assistant Attorneys General, State Office Tower, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1}   On November 27, 2024, relator, Kimani Ware, filed a "Complaint for a Writ of Mandamus" in this court. Thereafter, we issued an alternative writ requiring respondent, Anthony Davis, to respond to the complaint within 30 days of its service. On December 26, 2024, Ware notified this court that the Stark County Court of Common Pleas declared Ware a vexatious litigator on December 11, 2024. Ware requested leave to continue this action pursuant to R.C. 2323.52(F)(2). Thereafter, Davis, with leave of this court, filed a

motion to dismiss Ware's complaint. For the reasons that follow, Ware's complaint is dismissed.

{¶2} In his "complaint for mandamus," Ware alleges that he sent a public records request to Davis on September 11, 2023, which was served by certified mail on September 18, 2023. Ware maintains that he further sent a letter by regular U.S. mail to Davis on September 12, 2023, identifying dates of certain records he requested in the September 11, 2023 mailing. Ware attached to his affidavit, filed on the same date as his complaint, copies of the certified mail receipt, the September 11 and 12, 2023 letters, and a U.S. Postal Service certified mail tracking printout. Ware maintains in his complaint that the attachments to his affidavit are "true and accurate" copies of the items he identified.

{¶3} However, based upon his conduct in prior public records actions initiated by Ware, the Stark County Court of Common Pleas entered an order finding Ware to be a vexatious litigator on December 11, 2024 ("the Stark County order"). Therein, the court determined that Ware had engaged in frivolous conduct in numerous cases by alleging that public records requests were sent by certified mail to public officials, but, in fact, the certified mail did not contain the public records requests as he claimed. Accordingly, the court entered sanctions pursuant to R.C. 2323.52(D)(1).

{¶4} After learning of the Stark County order, Ware filed a request for leave to continue his mandamus proceeding in this court pursuant to R.C. 2323.52(F)(2).

{¶5} R.C. 2323.52(F)(2) provides, in relevant part:

> A person who is subject to an order entered pursuant to division (D)(1) of this section and who seeks to institute or continue any legal proceedings in a court of appeals or to make an application, other than an application for leave to proceed under division (F)(2) of this section, in any legal proceedings in a court of appeals shall file an application for

2

leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending. The court of appeals shall not grant a person found to be a vexatious litigator leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of appeals unless the court of appeals is satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds for the proceedings or application.

**{¶6}** In support of his request for leave, Ware maintains that "this action is not frivolous." However, Ware's complaint for mandamus relies upon a purported certified mailing of a public records request, and, given Ware's pattern of frivolous conduct that led to the imposition of the Stark County order, this court is not satisfied that the present proceedings are not an abuse of process and that there are reasonable grounds for this action.

**{¶7}** Accordingly, Ware's request for leave to proceed with this mandamus action is overruled. Therefore, Ware's complaint is dismissed on this basis, and Davis' motion urging dismissal on other bases is overruled as moot.

MARY JANE TRAPP, J., JOHN J. EKLUND, J., EUGENE A. LUCCI, J., concur.

3

Case No. 2024-T-0102