[Cite as *State ex rel. Ware v. Lowery, Institutional Inspector*, 2025-Ohio-341.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>KIMANI WARE, | CASE NO. 2024-T-0092 |
| Relator, | Original Action for Writ of Mandamus |
| - vs - | |
| FELEPA LOWERY,<br>INSTITUTIONAL INSPECTOR, | |
| Respondent. | |

## PER CURIAM
## OPINION

Decided: February 3, 2025
Judgment: Petition dismissed

*Kimani E. Ware*, pro se, PID# A470-743, Richland Correctional Institution, 1001 Olivesburg Road, Mansfield, OH 44905 (Relator).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215; *Adam J. Beckler* and *D. Chadd McKitrick*, Assistant Attorneys General, Criminal Justice Section, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1}   On November 4, 2024, Relator, Kimani Ware, filed a "Complaint for a Writ of Mandamus." This Court issued an Alternative Writ.

{¶2}   On December 3, 2024, Respondent, Felepa Lowery, filed an "Answer to Petition."

{¶3}   On December 26, 2024, Relator filed a "Request for Leave to Continue this Mandamus Action under R.C. 2323.52(F)(2)." Relator stated that he learned on

December 20, 2024, that he had been declared a vexatious litigator on December 11, 2024, by the Stark County Court of Common Pleas in Case No. 2024 CV 00896. Respondent has not filed a response to Relator's application for leave to continue this action.

{¶4} R.C. 2323.52(D)(1) provides that if a person is found to be a vexatious litigator,

> the court of common pleas *may* enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:
>
> (a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;
>
> (b) Continuing any legal proceedings that the vexatious litigator had instituted in any of the courts specified in division (D)(1)(a) of this section prior to the entry of the order;
>
> (c) Making any application, other than an application for leave to proceed under division (F)(1) of this section, in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified in division (D)(1)(a) of this section.

(Emphasis added.)

{¶5} R.C. 2323.52(D)(3) provides that a person declared to be a vexatious litigator may not institute or continue any legal proceedings in a court of appeals "without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section."

{¶6} R.C. 2323.52(F)(2) provides that a person declared to be a vexatious litigator "shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending." The court of appeals shall not grant such leave "unless the court of appeals is satisfied that the proceedings or application are

2

Case No. 2024-T-0092

not an abuse of process of the court and that there are reasonable grounds for the proceedings or application." *Id.*

{¶7} In *State ex rel. Ware v. Davis*, 2025-Ohio-233 (11th Dist.), we recently dismissed another pending mandamus action that Relator had filed. In that case we noted that the order declaring Relator to be a vexatious litigator had determined that Relator "had engaged in frivolous conduct in numerous cases by alleging that public records requests were sent by certified mail to public officials, but, in fact, the certified mail did not contain the public records request as he claimed." *Id.* at ¶ 3. In that case, Ware's complaint relied "upon a purported certified mailing of a public records request, and, given Ware's pattern of frivolous conduct that led to the imposition of the Stark County order, this Court is not satisfied that the present proceedings are not an abuse of process and that there are reasonable grounds for this action." *Id.* at ¶ 6.

{¶8} This case is no different. Here, Relator purportedly sent certified mailings requesting public records. However, Relator has been found to have engaged in a pattern of creating false paper trails in service of his litigation. That history creates a substantial doubt, unresolved by our record, as to whether or not this case is merely a continuation of that pattern, leaving us unsatisfied that the present proceedings are not an abuse of process and that there are reasonable grounds for this action.

{¶9} Accordingly, Relator's "Request for Leave to Continue this Mandamus Action under R.C. 2323.52(F)(2)" is overruled. Relator's "Complaint for a Writ of Mandamus" is dismissed. All other pending motions are hereby overruled as moot.

3

Case No. 2024-T-0092

ROBERT J. PATTON, P.J., MATT LYNCH, J., JOHN J. EKLUND, J., concur.